```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
```

| | |
|---|---|
| CECIL EUGENE ROSCOE, | NOT FOR PUBLICATION |
| Plaintiff, | **MEMORANDUM & ORDER**<br>**06 CV 5922 (CBA)(LB)** |
| -against- | |
| NYC CORPORATION COUNSEL, NEW<br>YORK CITY POLICE DEPARTMENT; and<br>POLICE OFFICERS JOHN DOES 1-12,<br>NYCPD 120th Precinct Narcotics, | |
| Defendants. | |

```
--------------------------------------------------------X
```

**AMON, United States District Judge:**

Upon reconsideration, the Court rescinds its Order dated January 10, 2007 granting defendants' permission to file a motion to dismiss in this action. By letter dated January 8, 2007, counsel for defendants had requested permission to file a motion to dismiss on behalf of defendants Corporation Counsel and the 120th Precinct (document no. 5). Although defendants appear to have a viable motion to dismiss, the Court directs defendants to delay filing the motion until the "John Doe" defendants have been identified and served. However, no answer need be filed by defendants at this time.

Pursuant to <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court requests that the Corporation Counsel of the City of New York attempt to ascertain the full names of the John Doe police officers whom plaintiff seeks to sue.[1] The Corporation Counsel is also requested to provide the addresses where the defendants can currently be served. Plaintiff

---

[1] Plaintiff's complaint lists John Doe Police Officers 1-12 "120th Precinct Narcotics."

states that on October 5, 2006, at approximately 5:00 p.m., John Doe Police Officers from the 120th Precinct broke down the door to his apartment, (no address provided), grabbed him by his ankles "and with tremendous force snatched me from my bed in which I lay sick due to underlying AIDS illness. Hearing a snap and feeling a tremendous rush of plain, I yelled out in agony." Plaintiff alleges that the officers who transported him to the Precinct furthered his injury which was diagnosed on October 6, 2006 as groin strain by St. Vincent's Medical Center. The Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in <u>Valentin</u>.

The Corporation Counsel of the City of New York is hereby requested to produce the information specified above regarding the identities of the officers by February 16, 2007 to Magistrate Lois Bloom. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, amended summonses shall be issued and the Court shall direct service on these defendants. A schedule for the motion to be filed on behalf of the defendant Corporation Counsel and the 120th Precinct will be set on or after the initial conference set by Magistrate Judge Bloom.

SO ORDERED.

Dated: Brooklyn, New York
January 19, 2007

Carol Bagley Amon
United States District Judge